IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PATRICIA JAYKO, on behalf of herself and all other persons similarly situated, known and unknown, | ) ) ) |
| Plaintiff, | ) Case No. ) ) Judge |
| v. | ) ) |
| EUROPEAN SERVICE AT HOME, INC., | ) ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Patricia Jayko, on behalf of herself and all other persons similarly situated, known and unknown (herein "Plaintiff"), through her attorneys and for her Complaint against European Service At Home, Inc. (herein "European" or "Defendant"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendant's failure to pay Plaintiff and other similarly situated employees overtime wages.

2. Plaintiff pleads her FLSA claim as a collective action claim under Section 216(b) of the FLSA. Plaintiff pleads her IMWL claim as an individual action.

3. Plaintiff and other similarly situated persons are current and former employees of Defendant who performed home care services for aged or infirm individuals in Illinois.

**THE PARTIES**

4. At all times relevant hereto, Plaintiff Patty Jayko resided in and was domiciled in Cook County, Illinois.

5. Defendant European Service At Home, Inc. is an Illinois corporation with its principal place of business located in Palatine, Illinois, within this judicial district.

6. Defendant European Service At Home, Inc. has nine office locations in Illinois, including in Chicago, Palatine, Joliet, Lombard, Aurora, Grayslake, Volo, Sycamore, and Rockford.

7. Plaintiff has been employed by Defendant in Illinois as Caregiver for the aged or infirm from approximately December 2011 through the present.

8. At all times relevant hereto, Plaintiff and other similarly situated individuals who performed home care services for the aged or infirm were Defendant's "employees" pursuant to the FLSA, 29 U.S.C. § 203(e)(1).

9. At all times relevant hereto, Plaintiff has been Defendant's "employee" pursuant to the IMWL, 820 ILCS 105/3(d).

10. At all times relevant hereto, Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. § 203(d).

11. At all times relevant hereto, Defendant was Plaintiff's "employer" as defined by the IMWL, 820 ILCS 105/3(c).

12. During the course of Plaintiff's employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA.

13. Other Caregivers who worked for Defendant were not exempt from the overtime wage provisions of the FLSA.

14. Defendant is an "enterprise" as defined by the FLSA, 29 U.S.C. § 203(r)(1).

15. Defendant is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

16. Defendant's annual gross volume of sales made or business done has exceeded $500,000, exclusive of excise taxes, within each of the last three (3) years.

**JURISDICTION AND VENUE**

17. This Court has jurisdiction over Plaintiff's FLSA claim, which arises under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

18. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

19. Venue is proper in this judicial district because the facts and events giving rise to Plaintiff's claims occurred in this judicial district. 28 U.S.C. § 1391.

**FACTUAL BACKGROUND**

20. Plaintiff and other similarly situated individuals who performed home care services for the aged or infirm were employed by Defendant in the job position "Caregiver."

21. Persons employed by Defendant as Caregivers, including Plaintiff, traveled to client homes in various cities across Northern Illinois to provide care for clients in their homes.

22. In the course of performing her duties as a Caregiver, Plaintiff performed the following duties: she changed linens and did laundry; assisted clients in bathing, dressing, eating, grooming, and toileting; prepared meals; grocery shopped; and picked up prescriptions. Plaintiff also performed house cleaning duties, including vacuuming, taking the garbage out, and washing dishes. In addition, Plaintiff transported and accompanied clients to doctor appointments.

23. As a Caregiver, Plaintiff spent approximately 90% of her time performing the duties described in paragraph 22, and spent approximately 10% of her time providing companionship and fellowship to clients.

24. Other similarly situated persons who worked for Defendant as Caregivers spent the

majority of their time performing home care services related to the care of aged or infirm, as described in paragraph 22.

25. Defendant paid Plaintiff on an hourly basis for the time she worked as a Caregiver.

26. Defendant did not pay Plaintiff for the time she traveled between clients' homes.

27. In addition to her work as a Caregiver, Plaintiff performed nursing duties for Defendant's adult day care program between 2013 and 2015, and she also conducted inservices on a quarterly basis to train Defendant's other Caregivers.

28. On occasion, Plaintiff also performed home health care services for Defendant's clients.

29. Defendant paid Plaintiff on an hourly basis for the nursing duties she performed and for the time she spent conducting inservices.

30. Defendant paid Plaintiff on a fee basis for the home health care services she performed.

31. Defendant paid Plaintiff no wages for the time she prepared to teach inservices.

32. Defendant paid other similarly situated Caregivers on an hourly basis.

33. Defendant did not pay other similarly situated Caregivers for the time they traveled between clients' homes.

34. During her employment by Defendant, Plaintiff worked more than forty (40) hours in one or more individual work weeks.

35. Defendant failed to pay Plaintiff one and one-half times her regular rate of pay for all time she worked in excess of forty (40) hours in individual work weeks.

36. During the prior three years, Defendant employed other similarly situated Caregivers who worked more than forty (40) hours during one or more individual work weeks.

37. Defendant failed to pay other persons employed by Defendant as Caregivers overtime wages at one and one-half times their regular rates for all time they worked more than forty (40) hours during individual work weeks.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 37 of this Complaint as if fully set forth herein.

38. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for its failure to pay all earned overtime pay to Plaintiff and other similarly situated persons, including other persons employed by Defendant as Caregivers.

39. Plaintiff brings her FLSA claim as a collective action.

40. Plaintiff's consent form to act as a representative party plaintiff is attached to this Complaint. *See* Exhibit A.

41. During the prior three years, Defendant directed Plaintiff to work, and she did work, in excess of forty (40) hours during one or more individual work weeks.

42. During the prior three years, Defendant directed other persons employed by Defendant as Caregivers to work, and they worked, in excess of forty (40) hours during individual work weeks.

43. Pursuant to the FLSA, Plaintiff and other persons employed by Defendant as Caregivers were entitled to be paid at a rate of one and one-half times their regular rate for all time worked in excess of forty (40) hours during individual work weeks.

44. Defendant did not pay Plaintiff one and one half times her regular rate of pay for all time she worked in excess of forty (40) hours per week.

45. Defendant did not pay other Caregivers one and one-half times their regular rate of pay for all time the worked in excess of forty (40) hours per week.

46. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay for time she worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

47. Defendant's failure to pay other Caregivers overtime wages at a rate of one and one-half times their regular rate of pay for time they worked in excess of forty (40) in individual work weeks violated § 207 of the FLSA.

48. Defendant willfully violated the FLSA by failing to pay Plaintiff overtime wages for all overtime hours she worked.

49. Defendant willfully violated the FLSA by failing to pay other Caregivers overtime wages for all time they worked over forty (40) hours per week.

50. Plaintiff and other similarly situated persons are entitled to recover unpaid overtime wages for up to three years prior to the filing of this suit.

WHEREFORE, Plaintiff and those similarly situated to her, including Defendant's other Caregivers, pray for a judgment against Defendant as follows:

    A. A judgment in an amount equal to Plaintiff's and other similarly situated employees' unpaid overtime wages;

    B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

    C. An award of prejudgment interest to the extent liquidated damages are not awarded;

    D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this

action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Class Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 50 of this Complaint as if fully set forth herein.

51. This count arises from Defendant's violation of the IMWL for its failure to pay Plaintiff owed overtime wages for all time worked over forty (40) hours during individual work weeks.

52. During the prior three years, Defendant directed Plaintiff to work, and she did work, in excess of forty (40) hours during one or more individual work weeks.

53. Pursuant to the IMWL, Plaintiff was entitled to be paid at a rate of one and one-half times her regular rate for all time worked in excess of forty (40) hours during individual work weeks. 820 ILCS 105/4a; Ill. Admin. Code tit. 56 § 210.110.

54. Defendant failed to pay Plaintiff at the rate of one and one-half times her hourly rate for all time she worked in excess of forty (40) hours during individual work weeks.

55. Defendant's failure to pay Plaintiff all her earned overtime wages violated the overtime provisions of the IMWL.

56. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover overtime wages for three (3) years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff seeks a judgment against Defendant as follows:

A. A judgment that Defendant violated the overtime provisions of the Illinois

Minimum Wage Law;

B. A judgment in the amount of all back wages owed to Plaintiff as provided by the Illinois Minimum Wage Law;

C. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

E. Such other and further relief as this Court deems appropriate and just.

Dated: March 1, 2016

Respectfully submitted,

By: s/Maureen A. Salas
One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312) 419-1008

Attorneys for Plaintiff